IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| SEAN BRANHAM, PRO SE, | : | | |
| | : | | |
| V. | : | NO. | 08-cv-4675 |
| | : | | |
| WARDEN SCHULTZ, ET AL., | : | | |
| | | | |
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v. | : | NO. | 94-cr-458 |
| | : | | |
| SEAN BRANHAM | : | | |

## MEMORANDUM AND ORDER

Sean Branham has filed an "Application for Writ Pursuant to 28 U.S.C. § 2241." Although the document was designated to be filed in Criminal Action No. 94-458, in keeping with this Court's procedures in such and similar matters, a civil action docket has been opened for this matter at No. 08-4675.

A judgment of conviction was entered against Mr. Branham on June 30, 1995. He was sentenced on July 13, 1995 following which Mr. Branham appealed. The Court of Appeals for the Third Circuit remanded the matter for re-sentencing on May 9, 1996. Mr. Branham was re-sentenced on May 24, 1996, and again he appealed. The Court of Appeals for the Third Circuit affirmed the sentencing court's amended judgment. Mr. Branham did not file a § 2255 motion to vacate, set aside, or correct sentence.

In the instant application, Mr. Branham asserts that his trial counsel was ineffective. He further argues that he is entitled to *habeas corpus* relief pursuant to 28 U.S.C. § 2241 because he does not have any other adequate or effective remedy to test the legality of his detention

inasmuch as his trial counsel allegedly did not inform him of his right to seek post-conviction collateral relief.

Mr. Branham does not assert a claim which fits into the narrow class of cases which permit a federal prisoner to file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. Mr. Branham relies on In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), to support his position. However, Dorsainvil is inapplicable herein. As the Court in Dorsainvil noted, the petitioner in that case did not have the opportunity to raise his claim in a prior petition pursuant to 28 U.S.C. § 2255. The same cannot be said of Mr. Braham's situation. In U.S. v. Brooks, 230 F.3d 643 (3d Cir. 2000), the court of appeals stated that a 28 U.S.C. § 2255 motion is not legally "inadequate" or "ineffective" because a petitioner failed to comply with the statute's stringent gatekeeping requirements, including timely filing. See id. at 648-49. Therefore, while Mr. Branham did not avail himself of the opportunity to timely file a motion pursuant to 28 U.S.C. § 2255, such a motion is not, as a matter of law, inadequate or ineffective.

Accordingly, AND NOW, this 4th day of December 2008, IT IS HEREBY ORDERED that the Application for Writ Pursuant to 28 U.S.C. § 2241 is DENIED.

IT IS FURTHER ORDERED that Mr. Branham's application to proceed *in forma pauperis* is GRANTED. The Civil Action at No. 08-4675 and Criminal Action at No. 94-458 are closed for all purposes, including statistics.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE